GLOVER v. VILLAGE OF EDGEWATER *et al.*, appellants.

*Assessment of non-resident land owner — Statutory construction — Laws 1870, chap. 674 — Municipal officers — failure to perform duty.*

The charter of the village of Edgewater (Laws 1870, chap. 674, title 6, § 1), provides that the assessment roll of the village shall be prepared "in all respects, as far as practicable and consistent, with the provisions of this act, in the manner pescribed by law in respect to assessments made by town assessors." *Held*, that the provision only related to taxes to be raised for town, county and State purposes, but not to those raised for municipal purposes ; and the assessment of real property to a non-resident owner in the same manner as if he was a resident, for a municipal tax, did not render the assessment void.

The treasurer of the village was, by the act named, required to make a return, under oath, of the taxes on lands unpaid, at the expiration of ninety days from the receipt of his warrant. He was also directed to sell lands for unpaid taxes between March 1 and April 1, annually. *Held*, that a failure by the treasurer to file the return did not deprive the village of the right to have the lands sold for taxes.

APPEAL from a judgment in favor of plaintiff in an action tried at the Richmond special term April 19, 1873. This action was brought by T. James Glover against the village of Edgewater and another party, to obtain a perpetual injunction restraining the village of Edgewater from giving a lease of certain lands of the plaintiff which it had caused to be sold for the non-payment of taxes assessed for municipal purposes in May, 1872.

When the assessment was made on which the tax was levied, the respondent was a non-resident of the village, and he has from that time continued to be a non-resident of said county and village, being, during that period, a resident of the city of New York. The property in question, when assessed, was and ever since has been unoccupied. Such property was in the assessment roll assessed to the plaintiff as a resident of the village, and as one of its taxable inhabitants, and not as the land of a non-resident. It was upon this assessment roll and the warrant attached, that the plaintiff's property was sold by the appellants.

The village charter (Laws 1870, chap. 674, tit. 6, § 1) requires the village assessors to prepare an assessment roll of all the property subject to taxation, in the manner provided by law, in respect to town assessors as nearly as practicable, and deliver the same to the clerk of said village; and said assessors are invested with the same powers in respect to assessments that town assessors have. Title XII, § 5, of the charter requires, that at the expiration of ninety days from the delivery of the warrant to him, "The treasurer shall make a return, under oath, of all such taxes and assessments upon any lands or premises which shall be unpaid in whole or in part, and shall file the same in the office of the village clerk. And such treasurer shall, annually, between the 1st day of March and 1st day of April cause such lands to be advertised for sale at public auction," etc.

The plaintiff's lands were advertised and sold, and a certificate of the sale given to the purchaser as provided for in said section 5, which certificate was filed in the office of the clerk of the county of Richmond, and a duplicate in the office of the clerk of the village. No return, however, was made by the treasurer of the unpaid taxes, nor was any such return filed with the clerk of the village before the sale was made.

It is also provided by said section, that upon the failure of the owner to redeem from such sale, the officers of the village shall give

the purchaser a lease, which lease shall be presumptive evidence that the tax was legally imposed, and that the proceedings and sale were regular.

*Theodore C. Vermilye,* for appellant.

*Robert Christie,* for respondent.

BARNARD, P. J. The plaintiff was, at the time of the assessment of the tax against his lands, a non-resident of the county of Richmond. He was assessed as a resident. By section 1, of title 6, of chapter 674, of the Laws of 1870, the assessment roll for the village of Edgewater was to be prepared "in all respects, as far as practicable, and consistent with the provisions of this act, in the manner prescribed by law in respect to assessments made by town assessors." The assessment in this case would be void, if made by town assessors. *Whitney* v. *Thomas,* 23 N. Y. 285.

The provisions of the Revised Statutes relate, however, only to the taxes to be raised for town, county and State purposes. *Mayor of Troy* v. *Mutual Bank,* 20 N. Y. 387. It is apparent by section 5, of title 12, of the act incorporating Edgewater, the legislature did not intend to assess lands of non-residents, as under the Revised Statutes. Sale is provided for under this section, and notice to be given if the owner was a non-resident.

The notice of sale must specify time and place of sale, description of property, *the name of the person to whom* assessed and the amount of tax. The certificate of sale, by the same section, must contain the name of the owner or owners of the premises, *according to the assessment roll.* I think, under this charter, all lands in the village must be assessed in the name of the owner or occupant; and that the non-residence of the owner only gives him the right to be notified of the sale, as above mentioned.

The right of the treasurer to sell did not depend upon his return under oath being filed, of all unpaid taxes on lands, at the expiration of ninety days from the receipt of his warrant. He is ordered to do this, but he is also directed to sell lands for unpaid taxes, between the 1st day of March and 1st day of April, annually.

The omission to do one duty does not deprive the village of the right to have another and independent duty imposed upon the same officer, performed.

The defendant's charter makes an error in the name of the person to whom lands are assessed, immaterial to effect of the tax. Section 4, title 12, chap. 674, Laws of 1870.

I think the judgment should be reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*